UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JOHN ANTHONY DAVIS,

        Petitioner,        Case No. 2:12-cv-318

v.        Honorable R. Allan Edgar

JEFFREY WOODS,

        Respondent.
_____/

**OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that Petitioner has failed to exhaust his available state-court remedies as to all claims raised in the petition. Because Petitioner has fewer than 60 days remaining in the limitations period for filing a habeas petition, the Court will not dismiss the action at this time, pending Petitioner's compliance with the further directions of this Court set forth in this opinion and attached order.

**Discussion**

I.  Factual allegations

Petitioner is incarcerated in the Chippewa Correctional Facility. He was convicted in the Gogebic County Circuit Court of armed robbery, MICH. COMP. LAWS § 750.529, and assault with a dangerous weapon, MICH. COMP. LAWS § 750.82. On September 11, 2009, the trial court sentenced Petitioner as a fourth habitual offender, MICH. COMP. LAWS § 769.12, to concurrent prison terms of eight to thirty years for the armed robbery conviction and four to fifteen years for the assault conviction. The Michigan Court of Appeals affirmed Petitioner's conviction on May 17, 2011, and the Michigan Supreme Court denied his application for leave to appeal on October 24, 2011.

Petitioner now raises the following grounds for habeas corpus relief:

I.  PETITIONER IS BEING UNLAWFULLY DETAINED IN VIOLATION OF HIS DUE PROCESS AND EQUAL PROTECTION UNDER THE 5TH AND 14TH AMENDMENT RIGHT[S] TO THE CONSTITUTIONS [SIC] WHEN THE TRIAL COURT DENIED DURING JURY SELECTION A DEFENSE CHALLENGE FOR CAUSE.

II. PETITIONER IS BEING UNLAWFULLY DETAINED IN VIOLATION OF HIS DUE PROCESS AND EQUAL PROTECTION UNDER THE 5TH AND 14TH AMENDMENT RIGHT[S] TO THE CONSTITUTIONS [SIC] WHEN THE TRIAL COURT DENIED THE DEFENSE PRETRIAL MOTION TO QUASH THE BIND-OVER.

III. PETITIONER IS BEING UNLAWFULLY DETAINED IN VIOLATION OF HIS DUE PROCESS AND EQUAL PROTECTION UNDER THE 5TH AND 14TH AMENDMENT RIGHT[S] TO THE CONSTITUTIONS [SIC] WHEN THE TRIAL COURT ENTERED A JUDGMENT OF CONVICTION AND SENTENCE ON EVIDENCE THAT IS INSUFFICIENT TO SUPPORT THE CONVICTION.

IV. PETITIONER IS BEING UNLAWFULLY DETAINED IN VIOLATION OF HIS DUE PROCESS AND EQUAL PROTECTION UNDER THE 5TH AND 14TH AMENDMENT RIGHT[S] TO THE CONSTITUTION WHEN THE TRIAL COURT FAILED TO TAKE INTO ACCOUNT ALL MITIGATING EVIDENCE IN SENTENCING THE PETITIONER.

V. PETITIONER IS BEING UNLAWFULLY DETAINED IN VIOLATION OF THE 8TH AND 14TH AMENDMENT RIGHTS TO THE CONSTITUTION WHERE THE TRIAL COURT SENTENCED PETITIONER TO A PRISON TERM OF 8 TO 30 YEARS ON A HABITUAL OFFENDER 4TH SUPPLEMENT ARISING OUT OF THE ARMED ROBBERY CONVICTION AND TO A PRISON TERM OF 4 TO 15 YEARS ON A HABITUAL OFFENDER 4TH SUPPLEMENT ARISING OUT OF THE ADW CONVICTION.

VI. PETITIONER IS BEING UNLAWFULLY DETAINED UNDER THE 5TH, 6TH, AND 14TH AMENDMENT RIGHTS TO THE CONSTITUTION WHEN PETITIONER WAS ENTITLED TO A NEW TRIAL BECAUSE THE VIDEO EVIDENCE USED TO CONVICT HIM SHOULD HAVE BEEN EXCLUDED. TRIAL COUNSEL WAS INEFFECTIVE FOR NOT MOVING TO SUPPRESS AND FAIL[ING] TO OBJECT TO THE VIDEO EVIDENCE.

VII. PETITIONER IS BEING UNLAWFULLY DETAINED UNDER THE 6TH AND 14TH AMENDMENT RIGHTS TO THE CONSTITUTION WHEN PETITIONER WAS DEPRIVED OF THE EFFECTIVE [ASSISTANCE OF] APPELLATE COUNSEL AND A MEANINGFUL APPEAL OF RIGHT.

(Am. Pet., 6a-11d, docket #11.)

II. <u>Failure to exhaust available state-court remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971), *cited in Duncan v. Henry*, 513 U.S. 364, 365 (1995), and *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional

issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845. The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Because Petitioner raised his first six grounds for habeas corpus relief on direct appeal in both the Michigan Court of Appeals and the Michigan Supreme Court, the exhaustion requirement is satisfied with regard to those claims. Petitioner concedes, however, that his seventh ground for habeas corpus relief was raised for the first time in the Michigan Supreme Court. Presentation of an issue for the first time on discretionary review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989). Applying *Castille*, the Sixth Circuit repeatedly has recognized that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Skinner v. McLemore*, 425 F. App'x 491, 494 (6th Cir. 2011); *Thompson v. Bell*, 580 F.3d 423, 438 (6th Cir. 2009); *Warlick v. Romanowski*, 367 F. App'x 634, 643 (6th Cir. 2010); *Granger v. Hurt*, 215 F. App'x 485, 491 (6th Cir. 2007); *Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000). Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts. Petitioner's application for leave to appeal was denied, and, thus, the issue was not reviewed.

An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented. 28 U.S.C. § 2254(c). Petitioner has at least one available procedure by which to raise the unexhausted issue presented in this application. He may file a motion for relief from judgment under MICH. CT. R. 6.500 *et. seq*. Under Michigan law, one such motion may be filed after August 1, 1995. MICH. CT. R. 6.502(G)(1). Petitioner has not yet filed his one allotted motion. Therefore, Petitioner has an available state remedy through which he may exhaust his seventh ground for habeas corpus relief. In order to properly exhaust his claim, Petitioner must file a motion for relief from judgment in the Gogebic County Circuit Court. If his motion is denied by the circuit court, Petitioner must appeal that decision to the Michigan Court of Appeals and the Michigan Supreme Court. *See Duncan*, 513 U.S. at 365-66.

Because Petitioner has some claims that are exhausted and some that are not, his petition is "mixed." Under *Rose v. Lundy*, 455 U.S. 509, 22 (1982), district courts are directed to dismiss mixed petitions without prejudice in order to allow petitioners to return to state court to exhaust remedies. However, since the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1), dismissal without prejudice often effectively precludes future federal habeas review. This is particularly true after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition. As a result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to mixed petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied his application on October 24, 2011. Petitioner did not petition for certiorari to the United States Supreme Court, though the ninety-day period in which he could have sought review in the United States Supreme Court is counted under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on Monday, January 23, 2012. Accordingly, Petitioner has one year, until January 23, 2013, in which to file his habeas petition. Petitioner timely filed the instant action on or about August 17, 2012.

The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Palmer*, 276 F.3d at 721. *See also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to mandatory period of equitable tolling under *Palmer*).[1] In the instant case, Petitioner has less than sixty days remaining before the statute of limitations expires. Petitioner therefore would not have the necessary 30 days to file a motion for post-conviction relief or the additional 30 days to return to this court before expiration of the statute of limitations. As a result, were the Court to dismiss the petition without prejudice for lack of exhaustion, the dismissal could jeopardize the timeliness of any subsequent petition. *Palmer*, 276 F.3d at 781.

---

[1] The running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

The Supreme Court has held, however, that the type of stay-and-abeyance procedure set forth in *Palmer* should be available only in limited circumstances because over-expansive use of the procedure would thwart the AEDPA's goals of achieving finality and encouraging petitioners to first exhaust all of their claims in the state courts. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). In its discretion, a district court contemplating stay and abeyance should stay the mixed petition pending prompt exhaustion of state remedies if there is "good cause" for the petitioner's failure to exhaust, if the petitioner's unexhausted claims are not "plainly meritless" and if there is no indication that the petitioner engaged in "intentionally dilatory litigation tactics." *Id.* at 278. Moreover, under *Rhines*, if the district court determines that a stay is inappropriate, it must allow the petitioner the opportunity to delete the unexhausted claims from his petition, especially in circumstances in which dismissal of the entire petition without prejudice would "unreasonably impair the petitioner's right to obtain federal relief." *Id.*

Consequently, if Petitioner wishes to pursue his unexhausted claims in the state courts, he must show cause within 28 days why he is entitled to a stay of these proceedings. Specifically, Petitioner must show: (1) good cause for the his failure to exhaust before filing his habeas petition; (2) that his unexhausted claims are not plainly meritless; and (3) that he has not engaged in intentionally dilatory litigation tactics. *See Rhines*, 544 U.S. at 277-78. If Petitioner fails to meet the *Rhines* requirements for a stay or fails to timely comply with the Court's order, the Court will review only his exhausted claims. In the alternative, Petitioner may file an amended petition setting forth only his exhausted claims.

An Order consistent with this Opinion will be entered.

Dated: 12/17/2012   /s/ R. Allan Edgar
R. Allan Edgar
United States District Judge