UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


JOHN ANTHONY DAVIS,

               Petitioner,

v.                                       Case No. 2:12-CV-318
                                       HON. R. ALLAN EDGAR


JEFFREY WOODS,

               Respondent.

_____/


**OPINION & ORDER**

        Petitioner filed this § 2254 petition for writ of habeas corpus challenging the validity of his state court conviction for violations of his Fifth, Sixth, Eighth, and Fourteenth Amendment rights.  In 2009, Petitioner was convicted by a jury of armed robbery (Mich. Comp. Laws § 750.529), assault with a dangerous weapon (felonious assault; Mich. Comp. Laws § 750.82), and aiding and abetting (Mich. Comp. Laws § 767.39).  Petitioner was sentenced as a fourth habitual offender to eight to thirty years for the armed robbery conviction, and four to fifteen years for the felonious assault conviction, to run concurrently.  Petitioner remains in the custody of the Michigan Department of Corrections.

        After his conviction, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals with appointed appellate counsel, raising claims one through five currently before this Court.  Petitioner subsequently filed a Standard 4[1] claim on appeal: "John Davis is entitled to a new trial because the video evidence used to convicted [sic] him should have been excluded, trial counsel was ineffective for not moving to suppress and failure to object to the video evidence."  Docket # 11 at 2(a).  The Court of Appeals denied Petitioner's application and affirmed his convictions on May 17, 2011.  *See People v. Davis*, No. 295267,

_____

[1]Standard 4 of Administrative Order 2004-6, 471 Mich. cii (2004) allows a defendant who insists certain claims should be raised, which are not raised by counsel, may file a brief containing these claims within eighty-four days from the time his appellate counsel filed defendant's initial brief.

2011 WL 1879667 (May 17, 2011).  Petitioner then filed an application for leave to appeal to the

Michigan Supreme Court, raising claims one through five, and omitting his Standard 4 claim.  In

addition, Petitioner raised an entirely new claim: "Defendant Davis was deprived of the effective

assistance of appellate counsel and a meaningful first appeal of right."  The Michigan Supreme

Court denied Petitioner's application on October 24, 2011.  Petitioner did not appeal the United

States Supreme Court or seek collateral review before the trial court.  Instead, he filed a habeas

petition in this Court on November 28, 2012.  Docket # 11.

Petitioner maintains that his convictions were based in violation of his state and

federal rights.  Petitioner sets forth the following claims for relief:

> I.   Petitioner is being unlawfully detained in violation of his Due
> Process and Equal Protection rights under the Fifth and Fourteenth
> Amendments because the trial court denied a challenge for cause
> during jury selection.
>
> II.   Petitioner is being unlawfully detained in violation of his Due
> Process and Equal Protection rights under the Fifth and Fourteenth
> Amendments because the trial court denied the defense's pretrial
> motion to quash the bind-over.
>
> III.   Petitioner is being unlawfully detained in violation of his Due
> Process and Equal Protection rights under the Fifth and Fourteenth
> Amendments because the trial court entered a judgment of conviction
> and sentenced Petitioner on evidence that was insufficient to support
> the conviction.
>
> IV.   Petitioner is being unlawfully detained in violation of his Due
> Process and Equal Protection rights under the Fifth and Fourteenth
> Amendments because the trial court failed to consider all mitigating
> evidence during Petitioner's sentencing.
>
> V.   Petitioner is being unlawfully detained in violation of his Eighth
> and Fourteenth Amendment rights beause the trial court sentenced
> Petitioner to a prison term of eight to thirty years on a habitual
> offender fourth supplement arising out of the armed robbery
> conviction, and to a prison term of four to fifteen years on a habitual
> offender fourth supplement arising out of the felonious assault
> conviction.
>
> VI.  Petitioner is being unlawfully detained under the Fifth, Sixth, and

Fourteenth Amendments because Petitioner was entitled to a new trial because the video evidence used to convict him should have been excluded, and trial counsel was ineffective for not moving to suppress the evidence or object to the video evidence.

VII.  Petitioner is being unlawfully detained under the Sixth and Fourteenth Amendments because Petitioner was deprived of the effective assistance of appellate counsel, and a meaningful appeal as of right.

Docket # 11.   After filing his § 2254 claim in this Court, Petitioner filed a motion to strike claim VII since he failed to exhaust that claim in state court.  This Court granted Petitioner's motion to strike claim VII on September 16, 2013.  Docket # 18.  Respondent filed an Answer in Opposition to Petitioner's habeas application on March 24, 2014 (Docket # 23), to which Petitioner did not reply.  The matter is now ready for a decision.

I.

Petitioner filed this petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996.  PUB. L. 104-132, 110 STAT. 1214 (AEDPA); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002) (noting that AEDPA prevents federal habeas "retrials" and ensures state convictions are made under state law).  28 U.S.C. § 2254(d) provides that any habeas application by a person in state custody shall not be granted in regards to any claim that has previously been adjudicated on the merits in state court unless the adjudication:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

This Court may only consider "clearly established holdings" of the Supreme Court, not lower federal courts, in analyzing a petitioner's claim under § 2254.  *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001).  A decision of the state court may only be overturned if: (1) it applies a rule contradicting Supreme

Court governing law, (2) it contradicts a set of facts materially indistinguishable from a Supreme Court decision, (3) it unreasonably applies correct Supreme Court precedent to the facts of the case, (4) it unreasonably extends Supreme Court legal principles where it should not apply, or (5) it unreasonably refuses to extend Supreme Court legal principle where it should apply. *Bailey*, 271 F.3d at 655; *see also Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003).

A federal habeas court may not find a state adjudication to be "unreasonable" simply because that court decides, in its own judgment, that the relevant state decision applied federal law incorrectly. *Williams*, 529 U.S. at 410-11 (noting that it must instead determine if the state court's application of clearly established federal law was "objectively unreasonable"). This Court defers to state court decisions when the state court addressed the merits of petitioner's claim. *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000); *see Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (allowing review of habeas application *de novo* when state court clearly did not reach the question). When applying AEDPA to state factual findings, factual issues by state courts are presumed correct unless the petitioner rebuts the presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429.

After applying the standards under AEDPA to Petitioner's case, this Court concludes that Petitioner has not provided clear and convincing evidence that the state court improperly applied clearly established federal law to the facts of Petitioner's case.

II.

Petitioner argues that this Court should grant him relief because his Fifth, Sixth, Eighth, and Fourteenth Amendment rights were violated. This Court reviews each of Petitioner's claims I-VI individually.

### A. Claim I: Challenge for Cause

Petitioner claims that he is being unlawfully detained in violation of his Due Process and Equal Protection rights under the Fifth and Fourteenth Amendments because the trial court denied a for-cause motion to dismiss Juror Dale during jury selection. Docket # 11 at 6(a). Specifically, Petitioner claims that because Juror Dale's father was a police officer, which Juror Dale said might bias him in favor of a law enforcement officer, that Petitioner's challenge for cause should have been granted. Docket # 24-5 at 81, 83.

-4-

However, Petitioner's for-cause claim is procedurally defaulted.  When a state-law default prevents further state consideration of a federal issue, the federal courts ordinarily are precluded from considering that issue on habeas corpus review.  *See Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991); *Engle v. Isaac*, 456 U.S. 107 (1982).  To determine whether a petitioner procedurally defaulted a federal claim in state court, the Court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the state court enforced the rule so as to bar the claim; and (3) the state procedural default is an "independent and adequate" state ground properly foreclosing federal habeas review of the federal constitutional claim.  *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004); *accord Lancaster*, 324 F.3d at 436-37; *Greer v. Mitchell*, 264 F.3d 663, 672 (6th Cir. 2001); *Buell v. Mitchell*, 274 F.3d 337, 348 (6th Cir. 2001).  In determining whether a state procedural rule was applied to bar a claim, a reviewing court looks to the last reasoned state-court decision disposing of the claim. *See Ylst*, 501 U.S. at 803; *Guilmette v. Howes*, 624 F.3d 286, 291 (6th Cir. 2010).

Here, the Michigan Court of Appeals's decision from May 17, 2011, is the last reasoned decision in Petitioner's case.  Docket # 24-9.  The appellate court denied Petitioner's claim based on the fact that Petitioner did not exhaust all of his peremptory challenges, nor did he refuse to express satisfaction with the jury, as he needed to do in order to preserve his claim that the trial court erred in denying his for-cause challenge of Juror Dale:

> Defendant first argues the trial court's denial of his motion to excuse a prospective juror for cause violated his constitutional rights.  Specifically, the prospective juror, whose father had been employed as a state trooper, indicated that he might be predisposed to find the testimony of a Michigan State Police trooper credible.  However, he also acknowledged that a defendant enjoys a presumption of innocence and that the prosecutor would have to prove his case before defendant could be convicted.  Defendant exercised a peremptory challenge when his challenge for cause failed.
>
> A criminal defendant has a constitutional right to be tried by a fair and impartial jury.  US Const Am VI; Const 1963 Art 1 §20; *People v Miller*, 482 Mich 540, 547; 759 NW2d 850 (2008).  However, a party must exhaust all peremptory challenges or refuse to express satisfaction with the jury in order to preserve an issue related to jury selection.  *People v Taylor*, 195 Mich App 57, 59-60; 489 NW2d 99 (1992).

> A four-part test is used to determine whether an error in refusing a challenge for cause merits reversal. There must be a clear and independent showing on the record that: (1) the court improperly denied a challenge for cause; (2) the aggrieved party exhausted all peremptory challenges; (3) the party demonstrated the desire to excuse another subsequently summoned juror; and (4) the juror whom the party wished later to excuse was objectionable. [*People v Lee*, 212 Mich App 228, 248-249; 537 NW2d 233 (1995) (internal citation omitted).]

> Here, defendant used only eight of twelve available peremptory challenges and the prospective juror was excused pursuant to one of those challenges. Thus, defendant's argument fails.

Docket # 24-9 at 1-2; *see Palmer v. Romanowski*, No. 2:06-CV-269, 2009 WL 2166548, at *3 (W.D. Mich. 2009) (citing *People v. LeGrone*, 205 Mich. App. 77, 81-82 (1994) (noting Michigan requires four factors be fulfilled before reversing a for-cause denial)); *see, e.g., Ross v. Oklahoma*, 487 U.S. 81, 89 (1988) (noting that a defendant in Oklahoma must exhaust all peremptory challenges in order to preserve a claim that the trial court erred in depriving him of a for-cause challenge). The Michigan Court of Appeals clearly indicated that because Petitioner did not follow the state procedural rules for reversing a for-cause denial, he was not entitled to relief on this claim. It follows that this Court cannot review Petitioner's for-cause claim since the "prisoner failed to abide by a state procedural rule." *Martinez v. Ryan*, 132 S.Ct. 1309, 1316 (2012). Therefore, Petitioner's claim is procedurally defaulted.

Because Petitioner procedurally defaulted his federal claim in state court, Petitioner must demonstrate either (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim will result in a fundamental miscarriage of justice. *See House v. Bell*, 547 U.S. 518, 536 (2006). The miscarriage-of-justice exception only can be met in an "extraordinary" case where a prisoner asserts a claim of actual innocence based upon new reliable evidence. *Id.* A habeas petitioner asserting a claim of actual innocence must

establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

Petitioner has not shown that either exception to the procedural default rule applies to his for-cause claim.  Petitioner does not argue or demonstrate actual prejudice for his failure to comply with state procedural rules.  Furthermore, Petitioner has not shown that a fundamental miscarriage of justice would result upon a lack of federal habeas review of this claim.  Thus, this Court denies Petitioner's for-cause claim.

Even if Petitioner's claim was not procedurally defaulted, the Michigan Court of Appeals considered the merits of Petitioner's claim when it denied his for-cause challenge.  The appellate court's review of Petitioner's claim was thorough and complete, and it did not contradict or unreasonably apply federal law to Petitioner's claim.  *See Ross*, 487 U.S. at 88 ("So long as the jury that sits is impartial, the fact that the defendant had to use a peremptory challenge to achieve that result does not mean the Sixth Amendment was violated."); *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (being "forced" to use a peremptory challenge to strike a jury that was not dismissed for cause is not a constitutional injury.").

### B.  Claim II: Pretrial Motion to Quash the Bind-Over

Next, Petitioner claims that the trial court erroneously denied Petitioner's pretrial motion to quash the bind-over.  Docket #11 at 7(a).  Specifically, Petitioner alleges that there was not evidence to show that he assaulted anyone or took part in the robbery.  *Id.*  However, Petitioner's claim is not cognizable on habeas review.  The extraordinary remedy of habeas corpus lies only for a violation of the Constitution.  28 U.S.C. § 2254(a).  As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry into whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."  *Id.* at 67-68.  Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  *Id.* at 68.  State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the

traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir.), *cert. denied*, 124 S. Ct. 345 (2003).  "[C]ourts have defined the category of infractions that violate fundamental fairness very narrowly."  *Bugh*, 329 F.3d at 512 (internal quotations and citations omitted).

Petitioner's claim that there was an insufficient basis for him to be bound-over during his preliminary hearing is not rooted in federal law since there is no federal constitutional right to a preliminary hearing.  *Dillard v. Bomar*, 342 F.2d 789, 790 (6th Cir. 1965).  Moreover, "a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause."  *Gerstein v. Pugh*, 420 U.S. 103, 119 (1975).  Therefore, because Petitioner's bind-over claim is not based in constitutional law, it is not cognizable on habeas review.

Even if this claim was cognizable on habeas review, it would still fail.  The Michigan Court of Appeals considered this claim and denied Petitioner relief on May 17, 2011:

> Defendant also argues that his constitutional rights were violated when the trial court denied his motion to quash the district court's bindover.  In particular, defendant argues that the evidence presented at the preliminary exam only established that he was present at the prison at the time that Burnett assaulted Warfield, but that there was no evidence that he took part in any robbery.  However, even if we were to accept defendant's assertion for the sake of argument, reversal would not be required.  "[A] magistrate's erroneous conclusion that sufficient evidence was presented at the preliminary examination is rendered harmless by the presentation at trial of sufficient evidence to convict."  *People v Libbett*, 251 Mich App 353, 357; 650 NW2d 407 (2002).  We conclude there was sufficient evidence presented to sustain defendant's convictions.

Docket # 24-9 at 2.  The appellate court's review of this claim is thorough and complete, and it does not contradict or unreasonably apply federal law to the facts of Petitioner's case.  Therefore, this Court denies Petitioner's claim.

## C.  Claim III: Evidence to Support a Conviction and Sentence

Petitioner alleges that there was no evidence presented at trial to show that he assaulted someone or took party in any robbery.  Docket # 11 at 9(a).  When a Petitioner raises a

claim alleging there was insufficient evidence upon which to convict, the question becomes "whether the record evidence could reasonably support a finding beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979) (noting that the question is whether *any* trier of fact could find the elements of the crime satisfied beyond a reasonable doubt).   To prevail on this claim, Petitioner must present sufficient evidence to overcome this high burden.  *See United States v. Jones*, 641 F.3d 706, 710 (6th Cir. 2011); *Davis v. Lafler*, 658 F.3d 525, 534 (6th Cir. 2011); *see also Nali v. Phillips*, 681 F.3d 837, 841 (6th Cir. 2012) (noting that there is deference to the jury's verdict and state court's review of the verdict).

Petitioner was convicted by a jury of armed robbery, felonious assault, and aiding and abetting.  To be convicted of armed robbery in Michigan, the prosecution must prove there was: "(1) an assault, [and] (2) a felonious taking of property from the victim's presence or person, (3) while the defendant is armed with a weapon described in the statute." *Lovely v. Jackson*, 337 F. Supp. 969, 977 (E.D. Mich. 2004); *see* Mich. Comp. Laws § 750.529 (citing *People v. Allen*, 201 Mich. App. 98, 100, 505 N.W.2d 869 (1993)); *see* Mich. Comp. Laws § 750.529.  Similarly, to be convicted of felonious assault, the elements for the prosecution to prove are: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *Descamps v. United States*, 133 S.Ct. 2276, 2301 (2013) (quoting *People v. Avant*, 235 Mich. App. 499, 505, 597 N.W.2d 864, 869 (1999)); *see* Mic. Comp. L. § 750.82.  Finally, the aiding and abetting statute requires the prosecution to prove: (1) the defendant or someone else committed the crime charged, (2) the defendant performed acts or provided encouraged which assisted, supported, or incited the crime, and (3) the defendant intended the crime to be fulfilled or knew the principal intended to commit the crime at the time the defendant provided the aid and encouragement.  *Dillard v. Prelesnik*, 156 F. Supp. 2d 798, 808 (E.D. Mich. 2001) (citing *People v. Carines*, 460 Mich. 750, 757-58, 597 N.W.2d 130, 135-36 (1999)); *see* Mich. Comp. L. § 767.39

The Michigan Court of Appeals reviewed Petitioner's claim amongst the above-mentioned authorities and determined that it was without merit:

> In reviewing a sufficiency of the evidence argument, we apply a de novo standard. *People v Hawkins*, 245 Mich App 439, 457; 628 NW2d 105 (2001).  Due process prohibits a criminal conviction

unless the prosecution establishes the essential elements of a criminal charge beyond a reasonable doubt. *People v Johnson*, 460 Mich 720, 723; 597 NW2d 73 (1999). Circumstantial evidence and the reasonable inferences it engenders are sufficient to support a conviction, provided the prosecution meets its burden of proof. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). In addition, the prosecution is not required to disprove all innocent theories when a case is based on circumstantial evidence. *Id.* A reviewing court must examine the evidence in a light most favorable to the prosecution, and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt. *Hawkins*, 245 Mich App at 457. All conflicts in the evidence must be resolved in favor of the prosecution. *People v Terry*, 224 Mich App 447, 452; 569 NW2d 641 (1997).

The elements that must be established beyond a reasonable doubt to sustain a conviction for felonious assault are: "(1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of immediate battery." *People v Chambers*, 277 Mich App 1, 8; 742 NW2d 610 (2007) (quotation marks and citation omitted). The felonious assault statute specifically identifies a knife as a dangerous weapon. MCL 750.82(1). In order to obtain a conviction for armed robbery, the prosecution must prove a defendant engaged in the following: (1) the use of force or violence, or the commission of an assault or putting a person in fear; (2) the felonious taking of property from the victim's person or presence; and (3) possession of "a dangerous weapon or an article used or fashioned in a manner to lead any person present to reasonably believe the article is a dangerous weapon," or representation, oral or otherwise, of possession of a dangerous weapon. MCL 750.529; *People v Ford*, 262 Mich App 443, 458; 687 NW2d 119 (2004). The armed robbery statute does not define the term "dangerous weapon." MCL 750.529. However, a knife is generally considered to be a dangerous weapon. *See People v Banks*, 454 Mich 469, 473; 563 NW2d 200 (1997). Finally, to convict a defendant under an aiding and abetting theory, the prosecution must prove beyond a reasonable doubt that "(1) the crime charged was committed by the defendant or some other person; (2) the defendant performed acts or gave encouragement that assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time that [the defendant] gave aid and encouragement." *People v Robinson*, 475 Mich 1, 6; 715 NW2d 44 (2006) (quotation marks and citation).

-10-

Taken as a whole and viewed in a light most favorable to the prosecution, the evidence presented below and the reasonable inferences stemming from that evidence were sufficient to support defendant's convictions. *Hawkins*, 245 Mich App at 457. The evidence presented at trial established that defendant accompanied Burnett, who was visibly armed with a home-made knife, to Warfield and Winowiecki's room, advised against and prevented the two victims from resisting, removed Warfield's personal items, and then left the room with Burnett, taking Warfield's property with him. The evidence also established that Warfield was struck in the back of the head with the knife after he chased the pair. This evidence was sufficient to establish that an armed robbery had occurred and was followed by a felonious assault. Because defendant arrived with Burnett, took the property, accompanied Burnett after leaving the room, and followed Burnett into the bathroom after Warfield was injured, the jury could reasonably conclude that defendant had assisted in the commission of both crimes. *Robinson*, 475 Mich at 15. Here, where the assault occurred as a result of Burnett and defendant's conduct in attempting to escape from the scene of the robbery, the assault could be properly found to be a natural and probable consequence of that crime. The fact that defendant attempted to conceal his identity and was aware that Burnett was armed supports the inference that he intended for the crime to occur or had knowledge of Burnett's intent to commit armed robbery. Thus, under *Robinson*, defendant could properly be found guilty of felonious assault under an aider and abettor theory.

Docket # 24-9 at 2-3. The appellate court's review of Petitioner's claim is thorough and complete. Despite Petitioner's assertion, there is substantial evidence upon which to uphold his conviction, and Petitioner has not provided sufficient evidence to overcome the evidence supporting his conviction. *See Davis*, 658 F.3d. at 534 ("[A] defendant who challenges the sufficiency of the evidence to sustain his conviction faces a nearly insurmountable hurdle."). Thus, Petitioner's claim fails since the appellate court appropriately determined that it is plausible that any trier of fact could find that the elements of armed robbery, felonious assault, and aiding and abetting were reasonably supported by the evidence on record beyond a reasonable doubt. *Jackson*, 443 U.S. at 318-19.

### D.  Claim IV: Mitigating Evidence at Sentencing

Petitioner next argues that the trial court failed to consider mitigating evidence

during his sentencing, in violation of his Fifth and Fourteenth Amendment rights.  Docket # 11 at

10(a).  However, this claim is procedurally defaulted.  In Michigan, when a defendant has not

contemporaneously objected to a trial error, this claim is deemed waived and reviewable only for

plain error.  *Taylor v. McKee*, 649 F.3d 446, 450 (6th Cir. 2011) (citing *Lancaster*, 324 F.3d at

437 ("Pursuant to this contemporaneous-objection rule, a party's failure to object leads to the

claim's being waived and reviewed solely for plain error.")).  Petitioner failed to object to the

information in the PSIR or the information the Judge relied on during his sentencing hearing.

Moreover, Petitioner declined his chance to allocute, which is often a time when criminal

defendants choose to provide their own account of their mitigating circumstances.  Docket # 24-8

at 12.   Thus, based on Petitioner's non-objection and in alignment with state procedural rules,

the Michigan Court of Appeals reviewed his claim for plain error.  Reviewing a claim for plain

error is "an adequate and independent state ground for foreclosing federal review." *Taylor*, 649

F.3d at 451 (quoting *Lundgren v. Mitchell*, 440 F.3d 754, 763 (6th Cir. 2006) ("Failure to comply

with well-established and normally enforced procedural rules usually constitutes 'adequate and

independent' state grounds.").

        Because his claim is procedurally defaulted, Petitioner must show cause or

prejudice to overcome the default.  Petitioner has not argued or demonstrated that actual

prejudice will result from his failure to abide by state procedural rules.  Docket # 11 at 10(a); *see*

*United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996) ("[I]ssues adverted to in a perfunctory

manner, unaccompanied by some effort and developed argumentation, are deemed waived.").

Moreover, Petitioner has not shown that a fundamental miscarriage of justice would result if his

case is not reviewed in this Court.  Therefore, this claim is procedurally defaulted.

        Even if Petitioner's claim was not procedurally defaulted, it is not cognizable on

habeas review because the Supreme Court has only required that mitigating evidence be

considered in capital cases.  *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991).

        Finally, if this Court were to consider the merits of Petitioner's claim, it would fail

for the reasons provided by the Michigan Court of Appeals in 2011:

> Defendant next argues that he is entitled to resentencing, but
> he failed to properly preserve any of his numerous arguments by
> raising an objection at sentencing.  *See People v Kimble*, 470 Mich

305, 309; 684 NW2d 669 (2004). Thus, our review of this issue is for plain error affecting the defendant's substantial rights. *People v Sexton*, 250 Mich App 211, 227-228; 646 NW2d 875 (2002).

Defendant first argues that his sentence is invalid because the trial court failed to consider mitigating factors when imposing his sentence. The mitigating factors defendant identifies include strong family support and the possibility of a mental disease or defect related to substance abuse issues.

There is no corroboration in the record for defendant's assertion that he has strong family support. Nor is there any support in the record for defendant's assertion that he suffers from a mental disease or defect related to substance abuse issues. Moreover, defendant disregards the fact that his sentence did constitute a downward departure from the recommended minimum range under the sentencing guidelines. Finally, the sentencing transcript indicates that the trial court reviewed the PSIR before imposing sentence. Thus, there is no evidence that the trial court failed to consider any relevant mitigating evidence in sentencing defendant. *People v Nunez*, 242 Mich App 610, 618; 619 NW2d 550 (2000). As a result, defendant's assertion of ineffective assistance of counsel on this basis must also fail. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000).

We likewise reject defendant's argument that he is entitled to resentencing because the trial court relied on incomplete information, asserting that the trial court should have conducted an assessment of his rehabilitative potential through intensive alcohol, drug, and psychiatric treatment. Although MCR 6.425(A)(1)(e) requires a written report to be submitted to the court prior to sentencing which includes "the defendant's medical history, substance abuse history, if any, and, if indicated, a current psychological or psychiatric report," (emphasis supplied) we are satisfied that such a report was not indicated in the instant case given the lack of any supporting evidence to the contrary.[2]

----

2. Defendant's argument that he is entitled to a resentencing because his sentence was based on inaccurate information is similarly lacking support. A PSIR is presumed to be accurate, and a trial court may rely upon the report unless effectively challenged by the defendant. *People v Callon*, 256 Mich App 312, 334; 662 NW2d 501 (2003). Defendant did not challenge the accuracy of the PSIR at the sentencing hearing, and while defendant argues that the PSIR was incomplete because an assessment of his rehabilitative potential was lacking, we already rejected that assertion, and he has failed to identify any other specific inaccuracies on appeal.

-13-

Docket # 24-9 at 3-4 n.2. The appellate court's analysis of Petitioner's claim is thorough and complete, and it does not unreasonably apply or contradict federal law. Thus, this Court denies Petitioner's claim.

### E. Claim V: Length of Sentence

Petitioner subsequently argues that his Eighth and Fourteenth Amendment rights were violated when the trial court did not provide reasons for the length of his confinement. Petitioner believes he is being confined for far too long due to his rehabilitative potential. For example, Petitioner contends that he has a high potential to be rehabilitated because he has a lot of family support and substance abuse needs. Docket # 11 at 11(b). Based on these qualities, Petitioner believes a downward departure from the sentencing guidelines is appropriate. *Id*.

However, claims based on a sentencing court's decision are not cognizable on habeas review unless Petitioner has shown that the sentence exceeds that statutory limits or is unauthorized by law. *Austin v. Jackson*, 213 F.3d 298, 301 (6th Cir. 2000). Despite the trial court's departure from the sentencing guidelines, it did not abuse its discretion by sentencing Petitioner to 8 to 30 years and 4 to 15 years concurrent because these sentences are within the statutory limit. *See* Docket # 24-8 at 4 (noting the sentencing guidelines recommended eleven to thirty-seven and a half years, but the Department of Corrections recommended a downward departure of four to fifteen years on each offense to run concurrently). "Although Petitioner's sentence may exceed the recommended guideline range, it neither exceeds the statutory limit, nor is it wholly unauthorized by law. As long as the sentence remains within the statutory limits, trial courts have historically been given wide discretion in determining 'the type and extent of punishment for convicted defendants." *Austin*, 213 F.3d at 301 (quoting *Williams v. New York*, 337 U.S. 241, 245 (1949)). Petitioner's sentence is within the statutory limits. *See* Mich. Comp. Laws § 750.529 (noting armed robbery is "punishable by imprisonment for life or for any term of years" and if someone is injured, "the person shall be sentenced to a minimum term of imprisonment of not less than 2 years."); Mich. Comp. Laws § 750.82 (noting that felonious assault is "punishable by imprisonment for not more than 4 years or a fine of not more than $2,000, or both"). Moreover, Petitioner knew it was possible for the sentencing court to potentially depart upward from the sentencing guidelines. Consequently, Petitioner's claim is not

-14-

cognizable on habeas review. *Austin*, 213 F.3d at 301; *Townsend v. Burke*, 334 U.S. 736, 741 (1948) (noting a sentence within the statutory limits is usually not cognizable on habeas review)

Even if this Court could review Petitioner's claim, it would fail on the merits. The Michigan Court of Appeals touched on this issue in its decision in 2011:

> There is no corroboration in the record for defendant's assertion that he has strong family support. Nor is there any support in the record for defendant's assertion that he suffers from a mental disease or defect related to substance abuse issues. Moreover, defendant disregards the fact that his sentence did constitute a downward departure from the recommended minimum range under the sentencing guidelines. Finally, the sentencing transcript indicates that the trial court reviewed the PSIR before imposing sentence. Thus, there is no evidence that the trial court failed to consider any relevant mitigating evidence in sentencing defendant. *People v Nunez*, 242 Mich App 610, 618; 619 NW2d 550 (2000). As a result, defendant's assertion of ineffective assistance of counsel on this basis must also fail. *People v Snider*, 239 Mich App 393, 425; 608 NW2d 502 (2000) . . . .
>
> Defendant's argument that the sentence imposed amounts to cruel and unusual punishment, *see* US Const, Am VIII; Const 1963, art 1, § 16, is equally lacking in merit for a sentence within the guidelines range is presumptively proportionate, and a sentence that is presumptively proportionate is not cruel or unusual punishment. *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008). If a sentence within the range is presumptively proportionate, it stands to reason that a sentence below the range is also proportionate.
>
> FN1. Defendant's additional argument that the sentence imposed was improper because the trial court failed to articulate how it arrived at the respective maximum sentences of 30 years for the armed robbery conviction and 15 years for the felonious assault conviction is also without merit. "A trial court must articulate its reasons for imposing a sentence on the record at the time of sentencing." *People v Conley*, 270 Mich App 301, 312; 715 NW2d 377 (2006). Here, the trial court provided an explanation for the sentence it imposed and specifically concluded that the sentences imposed were more proportional to the instant offense than the recommended range.

Docket # 24-9 at 3-4, 4 n.1. As the appellate court mentions, the trial court did appropriately explain the sentence it imposed in Petitioner's case:

What we have here is, well, two co-defendants participating in a robbery within the prison, stealing from other inmates, going to the room of other inmates . . . Burnett appeared to have been the leader in this escapade. They stole. Mr. Davis was an active participant; both as a big guy by his presence and all in the room, threatening the victims, and carrying the loot out of the room. Nonetheless it was Burnett who actually knifed the - - one of the victims as the victim pursued Burnett. Mr. Davis was the accomplice then on that felonious assault and convicted as such by a jury verdict, without actually having personally committed the assault. Again, Burnett, in all that we've seen through the trial and all, appears to have been the leader. Burnett however opted to plead guilty pursuant to a plea agreement and was thus convicted of prisoner possessing a weapon and felonious assault, and the maximum he got on these was 36 months to 60 months. Mr. Davis was given, according to the Presentence Report here, an even better deal, an even better offer; that is, for a sentence cap of 13 months as a matter of a plea bargain offer by the prosecution. Mr. Davis did not take it. Mr. Davis thus is not convicted of a prisoner possession of a weapon but rather is convicted by the jury verdict of armed robbery, ergo the huge difference in the guideline scoring between Mr. Davis and his accomplice and indeed the leader in the escapade. Now, some would suggest that to sentence Davis more severely than Burnett is to penalize one for declining a plea bargain and taking the matter to . . . trial. Well, as a practical matter that is a consequence of, if one is convicted, of being convicted of a much more serious crime, and sentencing in large part is based upon the crime committed; that is, the crime of which one is convicted in the matter. So it is to be expected that there may be that divergence between Burnett in this case and Davis. The Department of Correction notes that, well, I think implies at least, that when stealing, even with threats, between prisoners within a correctional facility occurs[,] it's not quite like an armed robbery out on the streets among strangers. And it's understood of course[,] it's a different context. But the law applies the same. And frankly, I don't believe the Court is able, under the law, to take note of that as a foundation for deviating from guidelines, and I do not take the prison context as a foundation for deviating from guidelines. However, in this case there is, as I've noted here, the distinction between Burnett's ultimate sentence based upon his prior record, as pointed out by Mr. Perhalla, and Davis based upon his prior record and lesser, somewhat lesser culpability in the offense that calls for some - - well, it tugs at the conscience to call for some deviation and departure from guidelines in this case. **Nonetheless, the sentence must be proportional, and**

-16-

> **therefore, based upon the comparison with the co-defendant Burnett, the Court will depart from the guidelines and sentence Mr. Davis to a minimum term on the armed robbery of 8 years in prison to a maximum of 30; believing that 8 years for an armed robbery is proportional, regardless of the context; and on the felonious assault a 4-year to 15-year max; these to be served concurrently.**

Docket # 24-8 at 12-15 (emphasis added).  Clearly, the trial court considered the proportionality of the crime to the sentence in Petitioner's case, which the appellate court appropriately noted and affirmed. Petitioner's sentence does not violate the Eighth Amendment because "a sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *Austin*, 213 F.3d at 302 (citing *United States v. Organek*, 65 F.3d 60, 62 (6th Cir. 1996) (noting that a sentence must be extreme or grossly disproportionate, which a sentence within the statutory maximum is not).  As a result, Petitioner is not entitled to a lesser sentence, and the sentence imposed by the trial judge is not in violation of Petitioner's Eighth or Fourteenth Amendment rights.

Petitioner furthers his argument by citing *Blakely v. Washington*, 542 U.S. 296 (2004), and in so doing, he argues that the trial court judge violated his Sixth Amendment right to a trial by jury by using, to enhance his sentence, facts that had not been admitted by Petitioner or found by a jury beyond a reasonable doubt.[2] *Blakely* concerned the State of Washington's determinate sentencing system, which allowed a trial judge to elevate the maximum sentence permitted by law on the basis of facts not found by the jury but by the judge.  Applying the Washington mandatory sentencing guidelines, the trial judge found facts that increased the maximum sentence faced by the defendant.  The Supreme Court found that this scheme offended the Sixth Amendment because any fact that increases or enhances a penalty for the crime beyond the prescribed statutory maximum for the offense must be submitted to the jury and proven beyond a reasonable doubt. *Blakely,* 542 U.S. at 301 (citing *Apprendi v. New Jersey*, 530 U.S.

---

[2]Notably, on July 29, 2015, the Michigan Supreme Court held that Michigan's indeterminate sentencing scheme violates the Sixth Amendment, thereby potentially implicating *Blakely v. Washington. See generally People v. Lockridge*, No. 149073, 2015 WL 4562293 (Mich. July 29, 2015).  This Court notes that this Michigan Supreme Court case might affect Petitioner's claims.  However, until the Sixth Circuit or Supreme Court of the United States say otherwise, this Court will continue to follow federal precedent that has held that indeterminate sentencing in Michigan does not violate the Sixth Amendment.  *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009).

466, 490 (2000)).

Unlike the State of Washington's determinate sentencing system, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing Mich. Comp. Laws § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *see People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing Mich. Comp. Laws § 769.34(2)). The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of *Blakely*. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (affirming district court's dismissal of prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007). Therefore, the state court's determination of Petitioner's claim was not contrary to federal law clearly established by the United States Supreme Court or an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### F. Claim VI: Video Evidence and Effective Assistance of Counsel

Petitioner's final claim alleges that he is being detained in violation of his Fifth, Sixth, and Fourteenth Amendment rights because the video evidence used to convict him should have been excluded. In the alternative, he argues that trial counsel was ineffective for not moving to suppress this evidence, or for failing to object to this video being admitted into evidence. Based upon these alleged violations, Petitioner requests a new trial.

Petitioner has not exhausted his administrative remedies in regards to this claim. However, under 28 U.S.C. § 2254(b)(2), "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." Here, Petitioner did not raise this claim to the Michigan Supreme Court, nor did he file a motion for relief from judgment raising this issue. Nevertheless, this Court may still deny relief for an unexhausted habeas claim when such ground for relief is not cognizable on habeas review or is without merit. *Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991).

Petitioner's claim that the video was wrongly admitted into evidence is not cognizable on habeas review. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. Instead, a habeas court may only review whether a state court conviction runs afoul of the Constitution, laws, or treaties of the United Sates. *Id.* at 68. "Errors by a state court in the admission of evidence are not cognizable in habeas proceedings unless they so perniciously affect the prosecution of a criminal case as to deny the defendant the fundamental right to a fair trial." *Biros v. Bagley*, 422 F.3d 379, 391 (6th Cir. 2006). Typically, "to show a due-process violation under AEDPA rooted in an evidentiary ruling, there must be a Supreme Court case establishing a due-process right with regard to that specific kind of evidence. *Collier v. Lafler*, 419 Fed. App'x 555, 558 (6th Cir. 2011). Since there is no Supreme Court case showing that a state violates a defendant's Due Process rights by allowing the admission of video evidence in court, this claim is not cognizable on habeas review.

Even if the video evidence issue was cognizable on habeas review, it is procedurally defaulted. The Michigan Court of Appeals reviewed this issue for plain error. Such review is "an adequate and independent state ground for foreclosing federal review." *Taylor*, 649 F.3d at 451. To overcome the procedural default, "any prisoner bringing a constitutional claim to the federal courthouse after a state procedural default must demonstrate cause and actual prejudice before obtaining relief." *Engle*, 456 U.S. at 129. To show cause, Petitioner sets forth an ineffective assistance of counsel claim. *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (noting ineffective assistance of counsel can constitutionally constitute cause); *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 860 (E.D. Mich. 2009) (citing *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986) ("Constitutionally ineffective assistance of counsel can be 'cause' for excusing a procedural default.")). "Once the petitioner has established cause, he must show actual prejudice resulting from the errors of which he complains." *Id.* (quoting *United States v. Frady*, 456 U.S. 152, 167 (1982) (internal citations omitted)).

In order to overcome the procedural default, Petitioner has to prevail on his ineffective assistance claim based upon failure to object or suppress the video evidence at his trial. To do so, Petitioner must show that his counsel's performance was deficient, and that this

-19-

deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687

(1984); *see, e.g., Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986) ("[T]he defendant must also

prove that his [underlying] claim is meritorious and that there is a reasonable probability that the

verdict would have been different absent the excludable evidence in order to demonstrate actual

prejudice."). The Michigan Court of Appeal's reviewed this issue and rejected Petitioner's

claim:

> Alternatively, defendant asserts that he was denied the effective
> assistance of counsel when his trial counsel failed to object to the
> admission of the surveillance video footage, as well as numerous
> other errors not identified in the statement of question presented. As
> noted above, there was no error related to the admission of the video
> surveillance footage, and defense counsel has no obligation to make
> a meritless objection. *People v Kulpinski*, 243 Mich App 8, 27; 620
> NW2d 537 (2000). We decline to address defendant's alternative
> bases for why he received the ineffective assistance of counsel
> because they were not properly identified in the statement of question
> presented. *See* MCR 7.212(C)(5); *People v Miller*, 238 Mich App
> 168, 172; 604 NW2d 781 (1999).

Docket # 24-9 at 5. The Michigan Court of Appeals thoroughly and completely analyzed

Petitioner's ineffective assistance of counsel claim. "A defense attorney's actions during voir

dire are presumed to be matters of trial strategy." *Mitchell*, 644 F. Supp. 2d at 861 (citing *Miller*

*v. Francis*, 269 F.3d 609, 615 (6th Cir. 2001)). Consequently, this Court concludes that the

decision of the Michigan Court of Appeals was not unreasonable. Therefore, Petitioner has not

overcome the prejudice prong of his defaulted claim.

Finally, even if this Court were able to review the merits of Petitioner's claim, it

would fail. The Michigan Court of Appeals reviewed Petitioner's video claim on the merits and

determined the following:

> Defendant also filed a standard 4 brief raising two issues. First,
> defendant contends the trial court admitted footage from the
> surveillance tape in error. We disagree.
>     Generally, a trial court's decision to admit or exclude evidence
> is reviewed for an abuse of discretion. *People v Aldrich*, 246 Mich
> App 101, 113; 631 NW2d 67 (2001). However, because this
> evidentiary issue is unpreserved, our review is for plain error
> affecting substantial rights. *People v Carines*, 460 Mich 750,

763-764; 597 NW2d 130 (1999).

      Defendant has failed to adequately explain why the admission of the evidence was improper or how he was prejudiced by such alleged error. *People v Petri*, 279 Mich App 407, 413; 760 NW2d 882 (2008). In any event, to the extent defendant appears to argue that his identification was based on surveillance footage that was not introduced at trial, this assertion is belied by the record. The robbery victim's identification of defendant was based on his personal observation as was the identification from one of the corrections officers. Moreover, the surveillance footage introduced at trial showed the suspects entering the victims' room, leaving a few minutes later, and the physical altercation between Warfield and Burnett. This depiction was relevant to the charges and defendant has not asserted that the video was unfairly prejudicial. Thus, the evidence was properly admitted. *See People v Sharbnow*, 174 Mich App 94, 102-103; 435 NW2d 772 (1989).

Docket # 24-9 at 5. The appellate court's analysis of this issue is thorough and complete. Since the appellate court did not unreasonably apply federal law or contradict federal law, this Court denies Petitioner's claim for the same reasons set forth by the Court of Appeals.

III.

      This Court concludes that all of Petitioner's claims are without merit. Should Petitioner choose to appeal this action, the Court must determine whether a certificate of appealability may be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Each issue must be considered under the standards set forth in *Slack v. McDaniel*, 529 U.S. 473 (2000). Under *Slack*, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. The Court examined each of Petitioner's claims under the *Slack* standard and concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, this Court denies a certificate of appealability as to each issue raised by Petitioner.

      For the same reasons the Court dismissed this action, the Court will certify that

any appeal by Petitioner from the Court's decision and judgment would be frivolous and not taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24.  Therefore, any application by Petitioner for leave to proceed *in forma pauperis* on appeal is hereby **DENIED**.

In summary, Petitioner's motion for post-conviction relief (Docket # 11) pursuant to 28 U.S.C. § 2254 is **DISMISSED WITH PREJUDICE**.  A judgment consistent with this Opinion and Order will be entered.

**SO ORDERED**.

Dated:   8/6/2015                               /s/ R. Allan Edgar
                                        R. ALLAN EDGAR
                                        UNITED STATES DISTRICT JUDGE